J-S30041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAQUILLE JOHNSON, | : | |
| | : | |
| Appellant | : | No. 1747 EDA 2018 |

Appeal from the Judgment of Sentence May 4, 2018
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006004-2017

BEFORE: PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED JULY 22, 2019**

Shaquille Johnson ("Johnson") appeals from the judgment of sentence entered following his conviction for conspiracy to commit robbery.[1] Additionally, counsel for Johnson, Patrick J. Connors, Esquire ("Attorney Connors"), has filed an Application for Leave to Withdraw as counsel and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We grant Attorney Connors's Application for Leave to Withdraw and affirm Johnson's judgment of sentence.

On July 3, 2017, Johnson accompanied an acquaintance, Stephen Koons (the "Victim"), to the bank. Johnson observed the Victim withdraw nearly $750 in cash and place the money in his wallet. Johnson then accompanied

_____

[1] **See** 18 Pa.C.S.A. §§ 903(a), 3701(a)(1)(iv).

the Victim to his home. At the Victim's home, Johnson asked if it would be okay to invite another friend, known by the Victim as "D.D.," to the Victim's house. The Victim had previously met D.D. once or twice. Shortly after D.D.'s arrival, Johnson and D.D. asked the Victim if he could make change for a larger bill. As the Victim opened his wallet, D.D. grabbed the cash, while Johnson shouted to "give him his money." When the Victim attempted to grab the money back from D.D., Johnson and D.D. shoved the Victim down and ran out of the front door. The Victim contacted the police immediately thereafter and identified Johnson and D.D. as his assailants.

On July 7, 2017, Johnson was arrested. A cell phone and $373 in cash were found on his person. A search of the cell phone revealed that D.D. had texted Johnson a picture of new sneakers, which he had purchased on the day of the robbery. While awaiting trial in prison, Johnson made a call to his family and said, "[t]his is a beautiful case because [the Victim] has medical problems. He's schizo [*sic*] and paranoia [*sic*]...."

A jury convicted Johnson of conspiracy to commit robbery on March 20, 2018. The trial court sentenced Johnson, on May 4, 2018, to 24 to 60 months in prison, with credit for time served, to be followed by 5 years of probation. Thereafter, Johnson filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal. Attorney Connors subsequently filed, in this Court, an Application for Leave to

Withdraw from representation and a brief pursuant to **Anders**. Johnson did not file a *pro se* brief, nor did he retain alternate counsel for this appeal.

In the **Anders** Brief, Attorney Connors presents the following issue for our review: "Whether the evidence was insufficient to sustain the conviction for [c]onspiracy to commit [r]obbery[,] where the Commonwealth failed to prove beyond a reasonable doubt that [] Johnson entered into any kind of agreement with anyone to commit a crime or shared any kind of criminal intent with anyone?" **Anders** Brief at 2.

We may not address the merits of the issue raised in the **Anders** Brief without first addressing Attorney Connors's Application for Leave to Withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007).

> Prior to withdrawing as counsel on a direct appeal, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must[]
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> >
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> >
> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

> *Santiago*, 978 A.2d at 361.  Counsel also must provide a copy of the *Anders* brief to [her] client.  Attending the brief must be a letter that advises the client of his right to[] "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014).  After determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Our review of Attorney Connors's Application for Leave to Withdraw, supporting documentation, and *Anders* Brief reveals that he has complied with all of the foregoing requirements.  Attorney Connors indicated that he reviewed the record, including relevant testimony, and determined that the appeal was frivolous.  *See Anders* Brief at 8.  The record further reflects that Attorney Connors furnished a copy of the *Anders* Brief to Johnson; advised Johnson of his right to retain new counsel, proceed *pro se*, or raise any additional points that he deems worthy of the Court's attention; and attached a copy of the letter sent to Johnson to the *Anders* Application for Leave to Withdraw, as required by *Commonwealth v. Millisock*, 873 A.2d 748, 751

(Pa. Super. 2005). [2]  As Attorney Connors has complied with all of the requirements set forth above, we now address the sole issue that, according to Attorney Connors, arguably supports Johnson's appeal.

On appeal, Johnson avers that the evidence presented by the Commonwealth was insufficient to sustain his conviction of criminal conspiracy to commit robbery. *See Anders* Brief at 7-8.  Specifically, Johnson claims that, because the Victim testified at trial that he suffers from mental health issues with occasional hallucinations, the evidence "was so weak and inconclusive that the conviction should be overturned."[3]  *Id.* at 8. Additionally, Johnson emphasizes testimony that instead of telling the Victim to give D.D. his money, Johnson had actually told D.D. to "give [*the Victim*] his money." *Id.*  (emphasis added).

---

[2] While the Supreme Court in *Santiago* set forth the above-mentioned requirements for an *Anders* brief, the holding did not abrogate the notice requirements set forth in *Millisock* that remain binding legal precedent.

[3] To the extent that Johnson challenges the Victim's credibility, such an argument challenges the weight of the evidence, rather than its sufficiency. *See Commonwealth v. W.H.M., Jr.*, 932 A.2d 155, 160 (Pa. Super. 2007) (stating that where an appellant "essentially argues that the trial court erred in crediting the victim's ... version of events[,] ... such arguments go to the weight, not sufficiency, of the evidence." We note that Johnson waived this claim by failing to preserve it in his Concise Statement. We further note that, even if the claim were not waived, "the determination of the credibility of a witness is within the exclusive province of the jury." *Commonwealth v. Izurieta*, 171 A.3d 803, 809 (Pa. Super. 2017). "[I]t is well settled that [this] Court cannot substitute its judgment for that of the trier of fact." *Commonwealth v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2009).

Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the [] verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the factfinder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014)

(quotation marks and citations omitted).

The Crimes Code defines criminal conspiracy and robbery as follows:

**§ 903. Criminal conspiracy**

**(a)     Definition of conspiracy.--**     A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

> (1)     agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

> (2)     agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903(a).

**§ 3701. Robbery**

**(a)     Offense defined.--**

> (1)     A person is guilty of robbery if, in the course of committing a theft, he:
>
> …

- 6 -

(iv)    inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury....

18 Pa.C.S.A. § 3701(a)(1)(iv).

Proof of an explicit, formal agreement to conspire to commit a crime is seldom available and unnecessary to sustain a conviction of criminal conspiracy. *See Commonwealth v. Murphy*, 844 A.2d 1228, 1238 (Pa. 2004) (stating that direct evidence of a conspiratorial agreement is rare and that such an agreement may be proven through circumstantial evidence); *see also Commonwealth v. Yong*, 120 A.3d 299, 312 (Pa. Super. 2015) (stating that "where the conduct of the parties indicates that they were acting in concert with a corrupt purpose, the existence of a criminal conspiracy may be properly inferred.").

The evidence, both circumstantial and direct, viewed in the light most favorable to the Commonwealth as verdict winner, provides ample support for Johnson's conviction. As cogently explained by the trial court,

> [Johnson's] argument lacks merit[,] as the evidence unequivocally demonstrated that [Johnson], who knew [that] the [V]ictim had withdrawn money from the bank that day, invited [D.D.] over to the [V]ictim's house, and asked the [Victim] to make change for a larger bill, knowing [that] the [Victim] would pull the money out of his pockets. When [the Victim] went to make the change, [Johnson] started yelling to give him money while [D.D.] snatched the cash out of the [V]ictim's hand. The [V]ictim testified that both [D.D.] and [Johnson] pushed him backwards into the kitchen door, which was the only thing that stopped him from completely falling to the ground. [Johnson's] phone conversation clearly shows that [Johnson] selected the [V]ictim on purpose, knowing [that Johnson] could pr[e]y upon the fact that the [V]ictim was suffering from mental illness and was a trusting friend. [Johnson]

even states that it is a "beautiful case" because he believes nobody will believe the [V]ictim. Unfortunately for [Johnson], the jury weighed the evidence, the demeanor of the witnesses, and found the [V]ictim's testimony to be credible.

Trial Court Opinion, 11/26/18, at 8-9.

The record supports the trial court's findings, and the jury reasonably inferred, from the evidence of record, that Johnson and D.D. orchestrated the robbery and acted in concert to steal property from the Victim through the use, or threat, of physical injury. *See* 18 Pa.C.S.A. §§ 903(a), 3701(1)(iv).

Based upon the foregoing, we agree with the sound reasoning of the trial court that there was sufficient evidence to support Johnson's conviction.

Application for Leave to Withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/19